IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>v.<br><br>MICHAEL GRANT CLINESMITH (01),<br>RICHARD WAYNE MUELLER (02),<br><br>      **Defendants.** | Case No. 23-20063-DDC |

**MEMORANDUM AND ORDER**

During a motion hearing on Thursday, February 20, 2025, the court granted defendants leave to file an *ex parte* Reply. The sought after Reply would address issues arising from defendants' Motion for Rule 17(c) Subpoena (Doc. 36). The court limited this *ex parte* Reply's purpose to explaining the relevance of documents sought by defendants' putative subpoena, intended for Honeywell FM&T. The court granted permission for this *ex parte* filing so that defendants would not have to share their trial strategy with the government. This ruling, the court believes, comports with our court's ruling in *United States v. Daniels*, 95 F. Supp.2d 1160, 1163 (D. Kan. 2000) ("A determination of whether an ex parte application is necessary must be evaluated on a case by case basis.").

Since, defendants have submitted their *ex parte* filing. *See* Doc. 49. After review, the court has concerns that defendants' *ex parte* filing exceeds the scope of material that the court deemed appropriate for *ex parte* treatment. To be sure, most of the filing—pages 9–28—submits defendants' arguments about the purported relevance of the 14 subjects identified in the attached to Doc. 36. All that material falls within the scope of the subjects found appropriate for *ex parte* submission. But in the court's view, pages 1–9 (near the bottom of page 9, where defendants

begin to discuss the relevance of specific categories of documents) simply present legal arguments about the elements of the charges defendants will face at trial. The court can't see why the prosecutor shouldn't have access to that argument—it seemingly won't disclose defendants' trial strategy. Indeed, the government's perspective on those arguments may help develop the court's understanding of important legal disputes the court, later, must decide. And they may help narrow the issues for trial.

The court thus orders defendants to show cause, within 10 days of this Order's date, why the court should not direct the Clerk to unseal pages 1–8 and most of page 9 of Doc. 49. If no response is filed, the court will so direct the Clerk.

**IT IS SO ORDERED.**

**Dated this 25th day of February, 2025, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**