IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

              Plaintiff,

v.

MICHAEL GRANT CLINESMITH,

              Defendant.

Case No. 23-20063-01-DDC

## MEMORANDUM AND ORDER

Mr. Clinesmith has filed a Supplemental Motion in Limine (Doc. 113). The motion targets the government's planned introduction of a Department of Energy Office of Inspector General interview with Mr. Clinesmith. Mr. Clinesmith, invoking Fed. R. Evid. 106, seeks to add to the portions of the interview the government will introduce.

Below, the court recites its rulings in a slightly unusual (but hopefully helpful) format.

| Gov. Exhibit | Defense Exhibit | Admit? |
|---|---|---|
| Gov. Ex. 2, 31:10–32:1 | Def. Ex. 3042, 30:9–31:10 | **In part**—Admit Def. Ex. 3042 30:9–14. Stop at "risk management."<br>• This part explains the "fives across the board" in Gov. Ex. 2.<br>• Admitted portion also explains the risk-management priority.<br>• The rest of Def. Ex. 3042 is a tangent and several examples about risk management, but it's a winding discussion that risks confusing the jury. |
| Gov. Ex. 4, 36:6–37:12 | Def. Ex. 3043, 37:12–38:7 | **Yes**. Admit Def. Ex. 3043.<br>• Clinesmith stating why he initially engaged with MMT.<br>• Goes to his specific intent to defraud. Given the statements in the interview, fairness requires admission of Mr. Clinesmith's statements of his own intent here. |

| **Gov. Exhibit** | **Defense Exhibit** | **Admit?** |
|---|---|---|
| Gov. Ex. 10, 54:6–16 | Def. Ex. 3044, 54:17–55:4 | **In part**—Admit Def. Ex. 3044 54:17–55:1. Stop at "with them."<br>● Gov. Ex. 10 explains that Moore Tool is top tier.<br>● Admitting part of Def. Ex. 3044 explains why he didn't want to go with Moore Tool—they took too long to build a gage.<br>● Leaving out the explanation risks leaving the jury with a potentially false impression that nothing prevented Honeywell from using Moore Tool.<br>● Def. Ex. 3044 offers an alternative explanation for Honeywell work going to Mueller Machine & Tool. |
| Gov. Ex. 11, 55:15–56:2 | Def. Ex. 3045, 55:13–15; Def. Ex. 3046, 56:2–57:5 | **Yes**—Admit Def. Ex. 3045<br>● Clarifies that following statement merely is an example.<br>**In part**—Admit Def. Ex. 3046 56:2–7. Stop at "the deal."<br>● This finishes Mr. Clinesmith's thought about the politics example before he starts on something new.<br>● The rest of the statement is superfluous and risks confusing the jury.<br>● For completeness purposes, it's enough to just complete the "politics" example. |
| Gov. Ex. 12, 63:13–20 | Def. Ex. 3047, 63:21–64:23 | **In part**—Admit Def. Ex. 3047 63:21–25. Stop at "of that."<br>● Adding 21 through 25 clarifies that Mr. Clinesmith is providing the labor part of the buyout.<br>● The rest of the quote doesn't clarify the various components of a buyout, as Mr. Clinesmith claims.<br>● The rest of the quote is winding and risks confusing the jury. For example, the quote doesn't clearly say that prices for components are publicly available, as Mr. Clinesmith's motion now claims. Instead, it says "I mean, you can go out on the internet, you can talk to cells on any of these places." |
| Gov. Ex. 14, 67:17–68:23 | Def. Ex. 3048, 68:24–69:9 | **No**.<br>● Mr. Clinesmith wants to add these lines to conclude Gov. Ex. 14's explanation of pricing.<br>● But the added lines don't talk about pricing. Instead, these lines seem to discuss the prices standing up to an audit.<br>● No need to add any more detail about fair pricing, the existing lines in Gov. Ex. 14 address that. |
| Gov. Ex. 15, 70:12–71:22 | Def. Ex. 3049, 71:23–72:8 | **Yes**.<br>● Agents' responses show that they think Mr. Clinesmith is being honest in the interview, responding to his own implicit question about whether they believe him.<br>● The rest of Mr. Clinesmith's statement goes to his intent. |

2

| Gov. Exhibit | Defense Exhibit | Admit? |
|---|---|---|
| Gov. Ex. 18, 94:8–96:22 | Def. Ex. 3050, 100:19–101:10 | **Yes**.<br>• In Gov. Ex. 18, Mr. Clinesmith suggests he might purge documents.<br>• In Def. Ex. 3050, he offers to send agents an invoice, suggesting that he won't actually purge the documents, clarifying the statement in Gov. Ex. 18.<br>• Gov. Ex. 18 suggests intent to defraud, Def. Ex. 3050 negates his specific intent to defraud by showing that he cooperated with investigators and didn't try to cover his tracks. |

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michael Grant Clinesmith's Supplemental Motion in Limine (Doc. 113) is granted in part and denied in part.

**IT IS SO ORDERED.**

**Dated this 8th day of October, 2025, at Kansas City, Kansas.**

                                               s/ Daniel D. Crabtree
                                               **Daniel D. Crabtree**
                                               **United States District Judge**