IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

v.

MICHAEL GRANT CLINESMITH,

           Defendant.

Case No. 23-20063-01-DDC

**MEMORANDUM AND ORDER**

    Federal Rule of Criminal Procedure 16 imposes a duty to disclose on the defendant. Specifically, Rule 16 provides that when a defendant wants to call an expert witness and the government requests an expert disclosure, then the defendant must provide the government with a complete statement of the expert's opinions. The defendant here, Michael Clinesmith, has failed to comply with this requirement for the most basic of reasons: he never provided the government with his expert's opinions. The court even gave him extra time to do so. Now, the court finds itself nearing the end of trial, and the government still doesn't have a Rule-16-complaint disclosure.

    The government seeks to exclude Mr. Spies's testimony for a variety of reasons. Doc. 116. As explained below, the court grants the government's motion.

**I.    Background**

    The government has charged Mr. Clinesmith with wire fraud, honest-services wire fraud, and conspiracy to commit wire fraud and honest-services wire fraud. Doc. 1. The parties stipulated to pretrial deadlines. Doc. 79. Their stipulation did not include, however, any expert-

disclosure deadline. *See generally id.* When the government discerned that Mr. Clinesmith planned to call an expert, it asked the court to set a deadline of September 29, 2025, for the defense to make the requisite expert disclosures. Doc. 98 at 5. The court denied that request, Doc. 100, but ordered the parties—both parties—to make the expert disclosures by October 6, Doc. 116-3 at 14 (Sept. 26 Hr'g Tr. 14:21–24). And the court explained that it set that deadline so that it could fulfill its gatekeeping obligations for putative expert opinion testimony. *Id.* at 14 (Sept. 26 Hr'g Tr. 14:15–18). The court's order, issued orally, specified that expert disclosures must meet the requirements of Fed. R. Crim. P. 16. *Id.*

In response to the court's oral order, defense counsel sent the following email to the government on October 6, describing Chris Spies's expert testimony:

> Chris Spies intends to testify to three general topics:
>
> 1. Factors considered by a purchaser when evaluating potential vendors for this type of design work and production/machine tooling.
>
> 2. The level of complexity involved in designing and manufacturing this type of specialty gages, along with the types of specialty machinery required to manufacture them.
>
> 3. The reasonableness of the fees Clinesmith charged MMT based on the complexity of the work he was doing and prevailing fair market rates for this type of work.
>
> Mr. Spies's most current CV is attached. If we anticipate him testifying to any additional topics or opinions based on events that occur during the trial, we will notify you as soon as is practicable.

Doc. 116-2 at 1 (Ex. B). The government then moved to exclude Mr. Spies's expert testimony under a variety of theories. Doc. 116. On the second day of trial, the defense explained that it had missed the part of the court's oral ruling directing the defense to provide an expert disclosure that complied with Rule 16. To remedy the evident deficiencies in the October 6 disclosure,

defense counsel offered to provide the government with a supplemental expert disclosure that evening.

Defense counsel did so, providing the government the document attached to this Order as Exhibit 1. In Exhibit 1—provided by defense counsel's email—Mr. Spies describes the work he did to investigate this case, including the gages of interest, his qualifications, the documents and resources he relied on, his work experience, and the methodology he used to prepare his opinions. This Exhibit 1, however, doesn't do much to expand on the three bullet points identified in defendant's original expert disclosure. It merely discloses that defendant has asked Mr. Spies to comment on:

- The reasonableness of the fees charged for design work
- Identification of manufacturing methods/equipment required to complete the manufacture of gages as drawn/designed
- Comment regarding qualifications/factors considered when awarding work to a potential supplier

Ex. 1.[1]

The government, also via email, renewed its objections to Mr. Spies testifying as an expert. The court attaches the government's email—the one renewing the government's objection—to this Order as Exhibit 2. It renews the government's request to exclude Mr. Spies from testifying under a variety of theories. The court recites the legal standards governing the government's theories, next.

II.     **Legal Standard**

   A.     **Fed. R. Crim. P. 16**

---

[1]     The disclosure issues raised by the government's motion came to a head during trial. Consequently, emails transmitted many of the pertinent communications between counsel.

Fed. R. Crim. P. 16 governs discovery.  And it imposes a duty on defendants in criminal cases to disclose certain information about expert witnesses.  Rule 16(b)(1)(C)(iii) requires a defense expert disclosure to include:

- a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;

- the bases and reasons for them;

- the witness's qualifications, including a list of all publications authored in the previous 10 years; and

- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Rule 16(b)(1)(C)(v) requires the expert to approve and sign this disclosure.

Rule 16 doesn't set a deadline for expert disclosures.  The advisory notes suggest, however, that the court set one.  *See* Fed. R. Crim. P. 16 advisory committee's note to 2022 amendment.  And the court did so, establishing a deadline of October 6, 2025.  Doc. 116-3 at 14 (Sept. 26 Hr'g Tr. 14:21–24).

      **B.**     **Fed. R. Evid. 702**

Under Rule 702, the court bears a "gatekeeping obligation" to determine whether expert testimony is admissible.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)).  When it performs this gatekeeping role, the court has broad discretion.  *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) (citation omitted).  Courts exercise this discretion under the standard adopted in Fed. R. Evid. 702, a rule providing:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

4

>  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>  (b) the testimony is based on sufficient facts or data;
>
>  (c) the testimony is the product of reliable principles and methods; and
>
>  (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"Rule '702 requires the district court to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *United States v. Earls*, 129 F.4th 850, 862 (10th Cir. 2025) (quoting *Bill Barrett Corp. v. YMC Royalty Co.*, 918 F.3d 760, 770 (10th Cir. 2019) (per curiam)).  Courts perform the Rule 702 inquiry in two stages. *First*, the court must "decide whether the proffered expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *Id.* (quoting *Bill Barrett Corp.*, 918 F.3d at 770). *Second*, the court "'must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony.'" *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc) (quoting *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006)).

"The proponent of expert testimony bears the burden of showing that the testimony is admissible." *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013) (citing *Nacchio*, 555 F.3d at 1241). "[R]ejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note to 2000 amendments.

### III.      Analysis

The difficulty with the defense's expert disclosures here is an obvious one: defendant never has provided Mr. Spies's expert opinions. Rule 16 requires "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief[.]" Fed.

R. Crim. P. 16(b)(1)(C)(iii). None of the defense's expert materials ever provides this "statement of opinions." *See* Doc. 116-2; Doc. 122-2. The three bullet points in defense counsel's October 6 disclosure merely identify topics. Nowhere does Mr. Spies provide (i) what factors a purchasers should use to evaluate to potential vendors; (ii) how complex the specialty gages are; and (iii) whether Mr. Clinesmith charged Mueller Machine & Tool a reasonable fee.[2]

Exhibit 1 doesn't provide any of the required detail either. True, Exhibit 1 does expand upon Mr. Spies's qualifications, the documents and resources reviewed, his work experience, and his methodology in preparing his opinions. Ex. 1. But Exhibit 1 doesn't ever provide his opinions. What's more, the defense hasn't provided any of the bases and reasons for those opinions.

---

[2] Only in its response brief does defendant provide a single opinion: Mr. Clinesmith charged a reasonable fee. Doc. 122 at 1. Even assuming this disclosure was timely—it wasn't—the court still would exclude it. Mr. Spies's analysis of the reasonableness of Mr. Clinesmith's fee falls way short. Mr. Spies explains that he developed a rough order of magnitude, considering the intricacies of the gage. *Id.* at 4. He then reviewed gage drawings and bills of materials. *Id.* And, drawing on his experience, Mr. Spies then estimated an amount of time for each gage component, adding more time for completing other elements of the design. *Id.* After estimating this time, Mr. Spies then multiplied that time "by an hourly rate[.]" *Id.* Nowhere does Mr. Spies provide that hourly rate. Nor does he provide market rates for work like this.

The court can't tell whether Mr. Spies's fee estimate is reliable. To assess the reliability of an expert's scientific opinion, the court must consider, among other factors, whether a theory or technique can be tested. *Daubert*, 509 U.S. at 593–94. No one can test a formula without all the pertinent numbers. *See United States v. Birdsbill*, 243 F. Supp. 2d 1128, 1133 (D. Mont. 2003) (finding expert testimony unreliable where expert refused to provide formula for a test, only the result, so the opinion was "merely an untested and unproven theory"). And Mr. Spies made no effort to compare Mr. Clinesmith's fees with the fee Mr. Spies produced in his analysis or a market-rate fee. *See Ramos v. Banner Health*, 1 F.4th 769, 781 (10th Cir. 2021) (affirming district court's exclusion of expert's damages calculation because evidence failed to show expert compared fees and it "was entirely reasonable for the court to expect [the expert] to explain how the other service providers measured up against [allegedly overcharging service provider] to determine an appropriate fee range"). Without actual facts and figures utilized by the witness, the court can't assess the reliability of Mr. Spies's planned testimony, so the testimony is not admissible.

Because the defense hasn't provided any statement of Mr. Spies's opinions, much less the required complete statement of those opinions, the defense has violated Rule 16. The court thus must consider, next, the appropriate sanction.

Rule 16(d) governs sanctions for failing to comply with discovery obligations. District courts have "broad discretion in choosing a sanction upon determining that a party has violated a discovery obligation." *United States v. Jumaev*, 20 F.4th 518, 547 (10th Cir. 2021). Rule 16(d)(2) also provides some suggested sanctions for a party's failure to comply:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
> (C) prohibit that party from introducing the undisclosed evidence; or
>
> (D) enter any other order that is just under the circumstances.

Our Circuit has provided factors for district courts to consider "when contemplating a discovery sanction in a criminal case: '(1) the reason for the delay in disclosing the witness; (2) whether the delay prejudiced the other party; and (3) the feasibility of curing any prejudice with a continuance.'" *United States v. Palillero*, 829 F. App'x 351, 360 (10th Cir. 2020) (quoting *United States v. Adams*, 271 F.3d 1236, 1244 (10th Cir. 2001)). District courts must "impose the least severe sanction that will accomplish prompt and full compliance with the court's discovery orders." *United States v. Martinez*, 455 F.3d 1127, 1130 (10th Cir. 2006) (quotation cleaned up). "Rule 16 and our cases specifically mention continuance or exclusion of the evidence as preferred remedies." *Id.* The court considers each factor, in turn, below.

*First*: the reason for the inadequacy. This dispute about the defense's expert disclosures started on September 24. That's when the defense knew, based on the government's motion, that the government was seeking an expert disclosure. Doc. 98. And the court imposed a deadline of

7

October 6—later than the government wanted. So, the defense has had plenty of time to align its ducks in a rule-compliant row. The court heard defense counsel's reason for providing an inadequate disclosure on October 6: defense counsel didn't understand the court's order to provide a Rule-16-compliant disclosure. The court overlooked defendant's error and gave the defense another chance at a compliant disclosure—and more time. The defense now has blown that second chance. The defense has proffered no reason for this failure. The defense seems to believe that, because unexpected evidence could surprise the defense at trial, the defense deserves flexibility in its expert's testimony. But that premise is true for almost every criminal trial. Yet Rule 16 exists, along with its attendant requirements. And it's not as if the defendant has provided some of his expert's opinions but now wants to add some additional opinions. Instead, defendant has provided an expert disclosure that disclosed none of the expert's opinions. The court can't imagine how, in preparing for this case, the defense didn't nail down the actual opinions its expert would provide. The government is entitled by Rule 16 to a compliant disclosure. Defendant hasn't provided it. And though the court doesn't find bad faith here, nothing provides any reason for defendant's failure to comply.

*Second*: the prejudice caused to the opposing party.[3] When evaluating prejudice in this context, the court asks "whether 'the delay impacted the [opposing party's] ability to prepare or present its case.'" *United States v. Jumaev*, 20 F.4th 518, 548 (10th Cir. 2021) (emphasis omitted) (quoting *United States v. Golyansky*, 291 F.3d 1245, 1250 (10th Cir. 2002)). The court

---

[3] Even if the government had sustained no prejudice, the court still would exclude the expert testimony. In "some circumstances a district court may 'suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the party entitled to the disclosure may not be prejudiced.'" *United States v. Yepa*, 608 F. App'x 672, 678 (10th Cir. 2015) (quoting *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)). The court can't continue the trial and maintain this case's schedule. As already stated, the court vetted the jury for five days of jury service. The court is loathe to waste any juror's time because the defense didn't comply—twice—with its disclosure obligations.

finds that the government has sustained prejudice from defendant's inadequate disclosure. This Order issues as the government presents its final witness. The government still doesn't have a rule-compliant disclosure. It can't prepare to cross-examine an expert about his opinions if it doesn't know what those opinions are, or the bases for them. Doc. 116 at 4. The government already has given its opening statement and presented its case-in-chief. The court thus concludes that the defense's failure to provide the requisite expert disclosure has impeded the government's ability to prepare and present its case. *See Golyanksy*, 291 F.3d at 1250 (10th Cir. 2002) (suggesting that prejudice arises once parties have empaneled a jury or "committed themselves through opening statements or cross-examination to a particular" theory of the case).

*Last*, the court must consider whether it can cure this prejudice with a continuance. Mr. Clinesmith hasn't asked for a continuance to fix this problem. And this trial is nearing its end. The parties informed the court that the case's evidence would take five days, and the court vetted jurors' availability for those five days. A continuance would stretch the case beyond its forecast and the court thus doesn't see a continuance as an option.

In sum, finding itself between a rock and a hard place, the court concludes that it must exclude Mr. Spies's expert testimony under Rule 16(d)(2). The court recognizes that our Circuit has warned that it "would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings." *Golyansky*, 291 F.3d at 1249. The court thinks that this case is that rare case. *See Yepa*, 608 F. App'x at 678 (10th Cir. 2015) ("[O]ur case law . . . establishes that negligence alone can justify excluding evidence.").

The defense twice has made manifestly deficient expert disclosures—despite an extra chance to get it right. And, nearing the end of trial, a continuance just won't work. Nor has the defense requested one. The court does not make this ruling lightly, but the defendant has given

the court no choice. He's made blatantly deficient disclosures in the middle of trial despite getting extra time to fix the problem. *See Wicker*, 848 F.2d at 1060–62 (affirming district court's exclusion of expert testimony where prosecutor negligently failed to disclose expert report to defense until only a few days before trial and court excluded evidence based on impact of continuance to court's schedule and already empaneled jurors); *United States v. Red Elk*, 185 F. App'x 716, 722, 725 (10th Cir. 2006) (affirming district court's exclusion of expert disclosed seven days before trial via cryptic notification).

Finally, even if the court didn't exclude Mr. Spies's expert testimony under Fed. R. Crim. P. 16(d)(2), it would exclude the evidence under Fed. R. Evid. 702. Without "a clear articulation of the opinions" an expert "intends to proffer and the factual basis for such opinions, the presiding judge cannot efficiently discharge his duty as a gatekeeper for expert testimony under Rule 702 of the Federal Rules of Evidence and *Daubert* . . . and its progeny." *Harlas v. Barn, LLC*, No. 18-CV-02320-RM-NYW, 2019 WL 7290928, at *5 (D. Colo. Oct. 1, 2019).

Without opinions from the expert, the court's Rule 702 analysis falters at step two. The court "'must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony.'" *Nacchio*, 555 F.3d at 1241 (quoting *Rodriguez-Felix*, 450 F.3d at 1122). Without the putative expert's opinions, the court can't assess the reliability of those opinions.

## IV.    Conclusion

Given the obviously deficient expert disclosure, the court grants the government's motion to exclude Mr. Spies's expert testimony.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's Motion to Exclude Testimony of Chris S. Spies (Doc. 116) is granted.

**IT IS SO ORDERED.**

Dated this 9th day of October, 2025, at Kansas City, Kansas.

                                         s/ Daniel D. Crabtree
                                         Daniel D. Crabtree
                                         United States District Judge