IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                         Plaintiff,                    Case No. 23-20063-01-DDC

v.

MICHAEL GRANT CLINESMITH,

                         Defendant.

## MEMORANDUM AND ORDER

The government asks the court to order defendant Michael Clinesmith to pay restitution

to the victim in this case, Honeywell Federal Manufacturing & Technologies, under the

Mandatory Victims Restitution Act.  Doc. 155.  Honeywell incurred expenses paying outside

counsel to participate in defendant's criminal case.  *Id.* at 3.  The court denies the government's

request because the MVRA doesn't authorize a restitution award for attorney fees.[1]  The court

explains this result, below.

The MVRA "requires certain offenders to restore property lost by their victims as a result

of the crime."  *Robers v. United States*, 572 U.S. 639, 640 (2014).  Specifically, the MVRA

requires offenders who commit "an offense against property . . . including any offense

committed by fraud or deceit" to pay restitution.  18 U.S.C. § 3663A(c)(1)(A)(ii).  Wire fraud is

an offense that requires restitution.  *See United States v. Howard*, 784 F.3d 745, 749–50 (10th

---

[1]      Because the court declines to order restitution on this basis, it need not reach defendant's
alternative challenges.

Cir. 2015); *see also United States v. Afriyie*, 27 F.4th 161, 166 n.1 (2d Cir. 2022) (calling wire fraud an offense "plainly within" the MVRA).

Once there's a qualifying offense and a victim, the MVRA enumerates the kinds of restitution the court may order.  18 U.S.C. § 3663A(b).  The government invokes an MVRA subsection that requires a defendant to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."  *Id.* § 3663A(b)(4); *see also* Doc. 155 at 2.  The question is whether attorney fees fall within the "other expenses" residual phrase of § 3663A(b)(4).  Two Circuits (neither of them ours) have answered this question.  And they've answered it differently.  The court examines the competing cases, below.  It also considers an intervening Supreme Court case.

The Second Circuit, in *United States v. Amato*, based on the plain language of § 3663A(b)(4), held that "other expenses" includes attorney fees.  540 F.3d 153, 159–60 (2d Cir. 2008).  *Amato* emphasized that § 3663A(b)(4) "gives the district courts broad discretion" and imposes its own limits—*i.e.*, necessary expenses only, paid only to the victim, and only expenses incurred while participating in certain tasks.  *Id.* at 160.  In so holding, *Amato* rejected the defendant's invocation of the *ejusdem generis*—"of the same kind or class"—canon of statutory interpretation.  *Id. Ejusdem generis* suggests that courts should interpret statutes such that "general terms that follow specific ones . . . embrace only objects of the same kind or class as the specific ones."  *Id.*  Utilizing this canon, the *Amato* defendant argued that the court should interpret "other expenses" in line with the preceding examples:  lost income, child-care expenses, and transportation expenses.  *Amato* declined to apply the *ejusdem generis* canon, calling it "a helpful guide to legislative intent, not a dispositive one."  *Id.*  The Second Circuit explained that

2

the examples preceding "other expenses" in § 3663A(b)(4)—lost income, child-care expenses, and transportation expenses—lack a "relevant common attribute[.]" *Id.*  Because these other specific terms in the statute lack a common, defining attribute, *Amato* held "*ejusdem generis* cannot be called into play[.]" *Id.*

*Amato* further reasoned that, sometimes, Congress uses "specific terms not to limit the succeeding general ones, but instead simply to remove any doubt that the specific terms are included under the statute." *Id.*  The Second Circuit suggested that Congress "may have feared that courts would overlook child care and transportation expenses unless these items were specifically named." *Id.*  So, *Amato* concluded that the "other expenses" in § 3663A(b)(4) included attorney fees.

A decade later, the Supreme Court interpreted § 3663A(b)(4) in *Lagos v. United States*, 584 U.S. 577 (2018).  *Lagos* required the Court to decide whether § 3663A(b)(4)'s allowance for "expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense" included expenses incurred during private investigations and civil proceedings. *Id.* at 579.  Parsing the individual words, the Court reasoned that the phrase "investigation or prosecution" links "investigation" and "prosecution" together, suggesting that the two terms "are of the same general type." *Id.* at 581.  Because "prosecution" refers to a criminal prosecution, then "'investigation' may refer to a government's criminal investigation." *Id.*

The *Lagos* Court also considered the words in context.  It noted that the statutory phrase lists three specific items for reimbursement—lost income, child care, and transportation. *Id.* at 582.  In the Court's view, a victim incurs these expenses missing work or travelling to:  talk to government investigators, participate in the government's investigation, testify before a grand

3

jury, or attend a criminal trial. *Id.* Each one of these events occurs in a criminal matter. Meanwhile, § 3663A(b)(4) "says nothing about the kinds of expenses a victim would often incur when private investigations, or, say, bankruptcy proceedings are at issue, namely, the costs of hiring private investigators, attorneys, or accountants." *Id.* The Court cited *noscitur a sociis*—a construction cousin of *ejusdem generis*—which provides "that statutory words are often known by the company they keep[.]" *Id.* Applying this canon, the Court concluded that lost income, child care, and transportation suggest expenses incurred participating in a criminal matter—not expenses incurred in a private investigation. *Id.* at 582. *Lagos* thus concluded that § 3663A(b)(4) allows restitution only for expenses incurred in government investigations and criminal proceedings, not private investigations and civil proceedings.

Post-*Lagos*, in *United States v. Afriyie*, the Second Circuit considered whether *Lagos* undermined *Amato*'s holding that § 3663A(b)(4)'s "other expenses" includes attorney fees. 27 F.4th at 163. The *Afriyie* defendant argued that *Lagos* undermined *Amato*'s conclusion that the examples that precede "other expenses"—lost income, child care, and travel costs—are dissimilar, so, according to *Amato*, those examples don't control the interpretation of "other expenses." *Id.* at 168–69. The Second Circuit concluded that *Lagos* didn't overrule *Amato*, nor did it conflict with *Amato*. *Id.* The Second Circuit concluded that "*Lagos* prohibits victims from recovering attorneys' fees for a 'private investigation that the victim chooses on its own to conduct.'" *Id.* at 169 (quoting *Lagos*, 584 U.S. at 585). But, *Afriyie* goes on, "that is because the statute is 'limited to government investigations and criminal proceedings,' not because it categorically excludes attorneys' fees." *Id.* (quoting *Lagos*, 584 U.S. at 579).

The Third Circuit recently reached a different conclusion. In *United States v. Abrams*, the Circuit held that § 3663A(b)(4)'s "other expenses" phrase doesn't encompass attorney fees.

4

165 F.4th 784, 813 (3d Cir. 2026).[2]  *Abrams* began by acknowledging that "[s]tanding alone, the phrase 'other expenses,' is—literally—'capacious enough to include attorney's fees.'"  *Id.* (quoting *Peter v. Nantkwest, Inc.*, 589 U.S. 23, 30–31 (2019)).  But *Abrams* considered "other expenses" in context—the phrase "follows a set of concrete examples: 'lost income,' 'child care,' and 'transportation.'"  *Id.* (quoting 18 U.S.C. § 3663A(b)(4)).  *Abrams* thus compared "other expense" to these examples, as had *Lagos*.  *Id.*  And *Abrams* pointed out that *Lagos* invoked *noscitur a sociis*—"'statutory words are often known by the company they keep.'"  *Id.* (quoting *Lagos*, 584 U.S. at 582).

Applying *noscitur a sociis* to "other expenses," the Third Circuit categorized the specific examples in the statute—lost income, child care, and transportation expenses—as "modest, attendance-related expenses[.]"  *Id.* at 814.  And attorney fees don't resemble these examples, *Abrams* explained, because they "need not be tethered to a victim's time or travel."  *Id.*  *Abrams* also called the specific examples "incidental expenditures" that usually cost hundreds or thousands of dollars.  *Id.*  In contrast, legal fees "are often orders of magnitude higher."  *Id.*  *Abrams* posited that it "would be unusual, to say the least, for Congress to smuggle so substantial a category of liability into a residual phrase appended to a subsection that is already ancillary to § 3663A(b)'s primary, offense-specific restitution provisions."  *Id.*

The Tenth Circuit hasn't weighed in on this issue.  It applies the same standards of statutory interpretation as any other.  "'Any exercise in statutory interpretation must begin with an examination of the plain language at issue.'"  *United States v. Duong*, 848 F.3d 928, 931 (10th

---

[2]  The court recognizes that the government has petitioned the Supreme Court for certiorari in *Abrams*.  Petition for Writ of Certiorari, *United States v. Abrams*, No. 25-1236 (Apr. 16, 2026).  Unfortunately, the court lacks the capacity to do what appellate courts might do in similar circumstances—abate this case until the Supreme Court resolves that petition.  18 U.S.C. § 3664(d)(5) (requiring court to determine victim's losses in a timeframe "not to exceed 90 days after sentencing").

Cir. 2017) (quoting *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011)).  "When confronted with clear and unambiguous statutory language, our duty is simply to enforce the statute that Congress has drafted."  *United States v. Casados*, 26 F.4th 845, 853 (10th Cir. 2022) (quotation cleaned up).  Interpreting a statute "depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis[.]"  *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 7 (2011) (quotation cleaned up).

The court concludes that it should follow the Third Circuit's approach.  *Abrams* is better tethered to the text and structure of § 3663A(b)(4) than *Amato*.  And the Tenth Circuit isn't shackled to *Amato*, like the Second Circuit was in *Afriyie*.[3]  The Second Circuit's reading of "other expenses" is so broad that it renders Congress's enumeration of specific expenses superfluous.  *Amato*, 540 F.3d at 161 ("It is true that our interpretation of the statute renders Congress' reference to child care and transportation expenses somewhat superfluous.").  And the Supreme Court has instructed that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."  *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quotation cleaned up).

---

[3]    The Tenth Circuit decided two cases about attorney-fees restitution, *United States v. Diamond*, 969 F.2d 961, 968 (10th Cir. 1992), and *United States v. Patty*, 992 F.2d 1045, 1049 (10th Cir. 1993), before Congress enacted § 3663A(b)(4) in 1996.  Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 204, 110 Stat. 1227 (1996).  So, these cases don't inform the court's decision here, *i.e.*, how to interpret § 3663A(b)(4).  The Tenth Circuit decided a different question about § 3663A(b)(4) in *United States v. Mobley*, 971 F.3d 1187, 1206–08 (10th Cir. 2020).  *Mobley* vacated a restitution award for attorney fees because the victim didn't incur those fees while participating in an investigation or prosecution.  *Id.* at 1207.  *Mobley* answered a different question than the court faces here, but, reading the tea leaves, *Mobley* shows that our Circuit is suspicious of attorney-fee awards as restitution.  Indeed, in *Mobley*, the Tenth Circuit refused to follow the Ninth Circuit, who had awarded restitution of attorney fees in a similar case.  *Id.* at 1208 (declining to follow *United States v. Cummings*, 281 F.3d 1046 (9th Cir. 2002)).

The company surrounding "other expenses" dictates its meaning.  The Second Circuit declined to apply *ejusdem generis* because it concluded that the specific examples in § 3663A(b)(4)—lost income, child-care expenses, and transportation expenses—lacked a "relevant common attribute[.]"  *Id.* at 160.  But the Supreme Court in *Lagos* had identified a common attribute.  These specific examples represent expenses incurred missing work and traveling to participate in a criminal investigation, testify, or attend a criminal trial.  584 U.S. at 582.  So, post-*Lagos*, the court struggles to justify declining to apply *ejusdem generis* or its cousin, *noscitur a sociis*, to construe "other expenses" by referencing the company it keeps.  Indeed, the Third Circuit applied *noscitur a sociis* in *Abrams* because the Supreme Court had applied *noscitur a sociis* in *Lagos*; *Lagos*'s "reasoning applies with equal force[.]"  165 F.4th at 813.  This seems like a wise route to follow here.

"Other expenses" also serves as a catch-all.  "When faced with a catchall phrase . . . , courts do not necessarily afford it the broadest possible construction it can bear."  *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 217 (2024).  And "where, as here, a more general term follows more specific terms in a list, the general term is usually understood to embrace only objects similar in nature to those objects enumerated by the preceding specific words."  *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 512 (2018) (quotation cleaned up).  That's *ejusdem generis*, and it leads to the exact same result as *noscitur a sociis*.  The court agrees with the Third Circuit that Congress didn't intend to smuggle so substantial a category of expenses—attorney fees—into a catch-all phrase following examples of slight expenses—travel and child care.  *Abrams*, 165 F.4th at 814.

There's more context to consider.  The other subsections—(b)(1), (b)(2), and (b)(3)—enumerate specific kinds of restitution.  Subsection (b)(1) defines the types of restitution in

offenses with property damage:  return the property or pay the value of the property.  18 U.S.C. § 3663A(b)(1)(A)–(B).  Subsection (b)(2) orders restitution for cases resulting in bodily injury: medical care, nonmedical treatment, physical and occupational therapy, lost income.  *Id.* § 3663A(b)(2).  And subsection (b)(3) orders restitution for cases where bodily injury results in the victim's death, and requires a defendant to pay "the cost of necessary funeral and related services[.]"  *Id.* § 3663A(b)(3).  A victim who sustains property damage or bodily injury might retain an attorney, yet none of these subsections or their carefully enumerated allowances include attorney fees.  As *Abrams* points out, Congress specifically included other professional services—physical therapists, occupational therapists, and funeral homes—in their restitution thoughts.  But Congress didn't include lawyers.  The court chooses to conclude that this omission speaks volumes about Congress's intent, instead of construing it as an indictment of the legal profession.

In sum, the court follows the Third Circuit and concludes that the MVRA doesn't empower it to order restitution to Honeywell for its attorney fees.  The court thus rejects the government's request that it order restitution.

**IT IS SO ORDERED.**

**Dated this 19th day of May, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

8